UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY D. FRY,

        Petitioner,        Case No. 4:05-CV-10

v.        Hon. Richard Alan Enslen

MARY BERGHUIS,

        **ORDER DENYING**
        Respondent.        **RECONSIDERATION**
_____/

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Ellen S. Carmody, who issued a detailed Report and Recommendation to deny the Petition. Petitioner filed lengthy objections to the Report. On September 26, 2008, the Court issued a Final Order adopting the Report, denying the Petition and denying a certificate of appealability on all grounds.

The matter now is before the Court on Petitioner's Motion for Rehearing. In his motion, Petitioner seeks reconsideration of the Court's denial of a certificate of appealability on two of Petitioner's twelve grounds for habeas relief, Grounds One and Twelve. Ground One of the Petition involves Petitioner's claim that he was denied due process because newly discovered evidence indicates that he is actually innocent of the offense. Ground Twelve claimed juror bias, and Petitioner sought to impeach the verdict with juror testimony about internal jury deliberations.

Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.* Applying this standard, the Court previously found no basis for issuing a certificate of appealability on either ground.

This Court may grant habeas corpus relief only when the state court has violated or unreasonable applied a clearly established holding of the Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412. With respect to Ground One, no Supreme Court decision establishes a free-standing due process claim based on actual innocence. For this reason, the Sixth Circuit repeatedly has held that free-standing claims of actual innocence are not cognizable on habeas corpus review. *See Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) (citing cases). With respect to Ground Twelve, the Supreme Court long has adhered to the common-law rule that juror testimony about internal jury deliberations may not be used to impeach a verdict. *See Tanner v. United States*, 483 U.S. 107, 117 (1987); *Mattox v. United States*, 146 U.S. 140, 149 (1892). The juror statement in question in the instant case clearly was directed to internal jury deliberations. The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, Petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Rehearing (Dkt. No.70) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    October 27, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |